# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Markeith D. Tucker<br><br>　　　Plaintiff,<br><br>v.<br><br>United States Court of Appeals for the Tenth Circuit, United States District Court Western District of Oklahoma,<br><br>　　　Defendants. | Case No. 19-CIV-247-RAW |

## OPINION AND ORDER

Before the court are Plaintiff's Complaint [Docket No. 2] and Application to Proceed in District Court without Prepaying Fees or Costs [Docket No. 3].

**Application to Proceed in District Court without Prepaying Fees or Costs**

Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs ("in forma pauperis") indicates that he is unemployed and seeking disability, does not own real property, has no money in a bank account, and does not own a vehicle. Plaintiff's IFP application is GRANTED.

**Complaint**

The court construes Plaintiff's allegation liberally as he is pro se. See Haines v. Kerner, 404 U.S. 519 (1972). Plaintiff filed his Complaint against the Defendants, stating the following:

> I have file multiple Civil Lawsuits with United States District Court Western District of Oklahoma for further racial problems,

> discriminating towards me as Plaintiff and for Officials to do
> a...Pattern and Practice as well as Deprivation of Rights Under
> Color of Law.

Plaintiff alleges in his Complaint discrimination and deprivation of rights; however, he cites no specific allegations nor requests any relief from the court.

Plaintiff's arguments are quite similar to what the Tenth Circuit had rejected as the "hackneyed tax protester refrain." United States v. Chisum, 502 F.3d 1237, 1243 (10th Cir. 2007). Further, Plaintiff's arguments are "completely lacking in legal merit and patently frivolous." Lonsdale v. United States, 919 F.2d 1440, 1448 (10th Cir. 1990).

## 28 U.S.C. § 1915

Section 1915 of the United States Code, Title 28, states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> **(A)** the allegation of poverty is untrue; or
> **(B)** the action or appeal--
> **(i)** is frivolous or malicious;
> **(ii)** fails to state a claim on which relief may be granted; or
> **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C.A. § 1915(e)(2).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Further, the term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A plaintiff is not required to make out a perfect case in their complaint. Rather, "It suffices for him to

state claims that are rationally related to the existing law and the credible factual allegations." Lemmons v. Law Firm of Morris and Morris, 39 F.3d 264 (10th Cir. 1994).

## *Sua Sponte* Dismissal

"*Sua sponte* dismissals are generally disfavored by the courts." Banks v. Vio Software, 275 Fed.Appx. 800 (10th Circ. 2008). A court shall dismiss a case at any time, however, if the court determines that the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

Indeed, the Tenth Circuit Court of Appeals has stated that a district court is <u>required</u> to dismiss an IFP claim that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Trujillo v. Williams, 465 F.3d 1210, 1216 n.5 (10th Cir. 2006).

The court may *sua sponte* dismiss an action pursuant to § 1915 when "on the face of the complaint it clearly appears that the action is frivolous or malicious." Hall v. Bellmon, 935 F.2d 1106, 1108 (10th Cir. 1991). "The term 'frivolous' refers to 'the inarguable legal conclusion' and 'the fanciful factual allegation.'" Id. (citation omitted). Further, a "trial court may dismiss a claim *sua sponte* without notice where the claimant cannot possibly win relief." McKinney v. State of Oklahoma, 925 F.2d 363, 364 (10th Cir. 1991).

## Conclusion

The allegations listed in the complaint do not create a claim upon which this lawsuit can proceed. The court finds that Plaintiff's action is frivolous, that Plaintiff fails to state a claim on which relief can be granted, and Defendants are immune from relief. Therefore, this matter is dismissed with prejudice.

IT IS THEREFORE ORDERED as follows:

1. Plaintiff's Motion for Leave to Proceed in Forma Pauperis [Docket No. 3] is GRANTED.

2. Plaintiff's action is found to be frivolous, that Plaintiff fails to state a claim on which relief can be granted, and that Plaintiff seeks monetary relief against Defendants who are immune from such relief. This matter is dismissed with prejudice.

Dated this 5th day of August, 2019.

_____
Ronald A. White
**United States District Judge**
**Eastern District of Oklahoma**